

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 1 0 2020

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FEMALE FIREFIGHTER JANE DOE,   §
                               §
       Plaintiff,            §
                               §
VS.                                §   NO. 4:19-CV-1001-A
                               §
FORT WORTH TEXAS, ET AL.,   §
                               §
       Defendants.         §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants (1)

Kelley Gutierrez ("Gutierrez") and Dustin Lindop ("Lindop"), (2)

Ken Stevens ("Stevens"), (3) Fred Jandruko ("Jandruko") and

Bryan Burch ("Burch"), and (4) City of Fort Worth, Texas

("City"), to dismiss.[1] The court, having considered the motions,

the responses of plaintiff, Female Firefighter Jane Doe, the

replies, the record, and applicable authorities, makes the

following rulings.

I.

Plaintiff's Pleadings

On November 27, 2019, plaintiff filed her complaint in this

action. Doc.[2] 1. On January 23, 2020, she filed her first amended

complaint. Doc. 16. The amended complaint is an extremely prolix

sixty-two page document. Plaintiff alleges that she, a female

---

[1] Only defendant Bob Lomerson ("Lomerson") did not file a motion to dismiss.
[2] The "Doc.___" reference is to the number of the item on the docket in this action.

firefighter, was subject to sexual discrimination, harassment, and retaliation. She sues City under Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), and all of the defendants under 42 U.S.C. § 1983 for violation of her right to equal protection under the United States Consitution.

## II.

### Plaintiff's Identity

Plaintiff has not identified herself in her pleadings beyond saying that she was a firefighter employed by City. Under section II of her amended complaint, titled "Motion for Pseudonym," plaintiff asks that the court permit her to proceed using a pseudonym. Doc. 16 at 2. She has not, however, filed a motion so to proceed. See Local Civil Rule LR 5.1(c); LR 7.1. Nor has she addressed the issue in response to the motions to dismiss, Doc. 17 at 14-16; Doc. 24 at 1, or objection of Jandruko and Burch to her proceeding pseudonymously. Doc. 21.

The law is clear that a plaintiff should only be allowed to proceed anonymously in rare and exceptional cases. Doe v. Stegall, 653 F.2d 180 (5th Cir. Unit A 1981); Southern Methodist Univ. v. Wynn & Jaffe, 599 F.2d 707 (5th Cir. 1979). Plaintiff has made no attempt to show that this is such a case, probably because she cannot make the required showing. That plaintiff might suffer personal embarrassment is not enough. Doe v. Frank,

2

951 F.2d 320, 324 (11th Cir. 1992). "Indeed, many courts faced with a request by a victim of sexual assault or harassment seeking to pursue a civil action for monetary damages under a pseudonym have concluded that the plaintiff was not entitled to proceed anonymously." Doe ex rel. Doe v. Harris, No. 14-0802, 2014 WL 4207599, at *2 W.D. La. Aug. 25, 2014)(citing cases). Accordingly, the court will require plaintiff to identify herself. Fed. R. Civ. P. 10(a).

## III.

### Grounds of the Motions

Gutierrez and Lindop maintain that plaintiff's claims against them are barred by limitations; that plaintiff has not alleged facts to show that Lindop is liable in a supervisory capacity; and that plaintiff has not pleaded facts to show that either movant was acting under color of law or to overcome their entitlement to qualified immunity. Doc. 17.

Stevens urges that there is no respondeat superior liability for alleged misconduct of subordinates; plaintiff has failed to state a plausible claim for failure to supervise; Stevens is entitled to qualified immunity; and plaintiff's claims against him are barred by limitations. Doc. 19.

Jandruko and Burch maintain that plaintiff's claims against them are barred by limitations; they were not acting under color of law; plaintiff has not alleged that Burch's conduct was based

3

on plaintiff's sex or gender; and, they are entitled to qualified immunity. Doc. 22.

City says that plaintiff's claims are barred by limitations and that plaintiff has failed to allege facts sufficient to show that an official municipal policy was behind the alleged deprivation of her constitutional rights. Doc. 24.

IV.

## Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, which a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)("While legal conclusions can

4

provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. At 679. "Determining whether a complaint states a plausible claims for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being

5

called for defense in a court of law." Id. At 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

V.

Analysis

A.   Limitations

All defendants seek dismissal of plaintiff's claims on the ground of limitations. The applicable period of limitations is

6

two years. King-White v. Humble Indep. Sch. Dist., 803 F.3d 754, 759 (5th Cir. 2015). Although the court does not normally grant such motions, where the pleading makes clear that the claims are barred, dismissal is appropriate. Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

Plaintiff concedes that all of her claims against Lindop[3] are barred, except for the claim regarding an incident in December 2017, set forth at Doc. 16, ¶ 119. Doc. 29 at 16. Plaintiff further concedes that most of Gutierrez's alleged offensive conduct occurred in 2017. Id. at 17. She does not dispute that the claims against him are barred by the two-year limitations period, arguing instead that a five-year period applies.[4] Id.

Plaintiff apparently concedes that her claims against Jandruko and Burch are barred by limitations and says that she is choosing not to pursue them. Doc. 32. She has agreed to the dismissal of those claims with prejudice.

Plaintiff alleges that Stevens is liable for failing to appropriately supervise Jandruko, Lomerson, Lindop, and Gutierrez. Doc. 16, ¶ 288. As stated, her claims as to the conduct of Jandruko and Gutierrez are barred by limitations, as are all but one claim against Lindop. However, plaintiff does

---

[3] The court is not persuaded that Lindop's motion to dismiss should be otherwise granted.
[4] This argument was addressed and rejected in King-White v. Humble Indep. Sch. Dist., 803 F.3d 754 (5th Cir. 2015).

7

not plead that she complained to Stevens about the actions of Lomerson, Lindop, or Gutierrez or even that he was aware of their alleged conduct. See, e.g., Doc. 16 ¶ 84 (plaintiff did not report Lomerson's assault); ¶ 100 (plaintiff did not report Gutierrez's assault). In fact, according to plaintiff's amended complaint, the last complaint she made to Stevens was following May 17, 2014 text messages from Jandruko. Id. ¶¶ 58-61. She simply has not pleaded any facts to show a plausible cause of action against Stevens arising during the applicable limitations period.[5]

City also alleges that plaintiff's claims are untimely. The court agrees. To bring an action for sexual harassment, retaliation, or constructive discharge under Title VII in Texas, the plaintiff must file a verified charge within 300 days of the alleged unlawful conduct. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Price v. Sw. Bell Tel. Co., 687 F.2d 74, 77 (5th Cir. 1982). In a constructive discharge case, the time begins to run from the time the employee departs employment to go on leave and does not return. Green v. Brennan, 136 S. Ct. 1769, 1782 (2016); Benkert v. Tex. Dep't Crim. Justice, 48 F. App'x 481 (5th Cir. 2002); Wiltz v. Christus Hosp. St. Mary, No. 1:09-CV-925, 2011 WL 1576932, at *6 n.20 (E.D. Tex. Mar. 10,

---

[5] As with Gutierrez, plaintiff argues that the five-year limitations provision applies. Even if it did, plaintiff failed to allege any conduct by Stevens after May 17, 2014. In other words, her claims would still be barred.

8

2011). Here, plaintiff alleges that she had an epileptic seizure and crashed her car on December 27, 2017, and was taken off duty. Doc. 16, ¶¶ 121-23. She does not allege that she ever returned to work. Rather, she says that she was forced into early medical retirement on July 31, 2018. Id. ¶ 124.

Plaintiff argues that the July date and not the date she actually stopped working is the applicable date.[6] Doc. 34 at 19-20. She does not dispute, however, that the date the last discriminatory act took place was December 2017 when she was removed from duty. Whether plaintiff's leave was voluntary or not, she knew in December 2017 that she was being subjected to discrimination.[7] See Ramirez v. City of San Antonio, 312 F.3d 178, 182 (5th Cir. 2002); Blumberg v. HCA Mgmt. Co., 848 F.2d 642, 645 (5th Cir. 1988).

B.    § 1983

The law is clearly established that the doctrine of respondeat superior does not apply to § 1983 actions. Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Williams v. Luna, 909 F.2d 121, 123 (5th Cir. 1990). Liability

---

[6] Even if the July 31, 2018 date is the correct one to apply, the document plaintiff electronically submitted on May 24, 2019, does not qualify as an EEOC charge. Doc. 24, Ex. A. See Melgar v. T.B. Butler Publ'g Co., 931 F.3d 375, 379 (5th Cir. 2019)(crucial element is the factual statement); Price v. Sw. Bell Tel. Co., 687 F.2d 74, 77 (5th Cir. 1982)(charge must be in writing under oath or affirmation in such form as the Commission requires). Plaintiff did not submit the details about her claim until May 31, 2019. Doc. 16, ¶ 19. She does not allege that she was at any time mislead by the EEOC regarding the deadline for filing her charge.

[7] In fact, plaintiff's claim of retaliation is based on transfers she says were ordered by Stevens, the last of which occurred in 2014. By plaintiff's own admission, she could not have been retaliated against thereafter because she gave up reporting alleged misconduct.

may be imposed against a municipality only if the governmental

body itself subjects a person to a deprivation of rights or

causes a person to be subjected to such deprivation. Connick v.

Thompson, 563 U.S. 51, 60 (2011). Local governments are

responsible only for their own illegal acts. Id. (quoting

Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986)). Thus,

plaintiffs who seek to impose liability on local governments

under § 1983 must prove that action pursuant to official

municipal policy caused their injury. Monell, 436 U.S. at 691.

Specifically, there must be an affirmative link between the

policy and the particular constitutional violation alleged. City

of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Proof of a single incident of unconstitutional activity is

not sufficient to impose liability, unless proof of the incident

includes proof that it was caused by an existing,

unconstitutional policy, which policy can be attributed to a

municipal policymaker. Tuttle, 471 U.S. at 823-24. (If the

policy itself is not unconstitutional, considerably more proof

than a single incident will be necessary to establish both the

requisite fault and the causal connection between the policy and

the constitutional deprivation. Id. at 824.) Thus, to establish

municipal liability requires proof of three elements: a

policymaker, an official policy, and a violation of

constitutional rights whose moving force is the policy or

10

custom. <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th Cir. 2001).

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued <u>en banc</u> in response to a motion for rehearing in <u>Bennett v. City of Slidell</u>:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

The general rule is that allegations of isolated incidents are insufficient to establish a custom or policy. <u>Fraire v. City of Arlington</u>, 957 F.2d 1268, 1278 (5th Cir. 1992); <u>McConney v. City of Houston</u>, 863 F.2d 1180, 1184 (5th Cir. 1989); <u>Languirand v. Hayden</u>, 717 F.2d 220, 227-28 (5th Cir. 1983).

Plaintiff separately addresses her "failure to train" claim

11

and her "Monell" claim (which appears to be her discrimination claim) as having separate requirements. Doc. 34 at 21-29. However, failure to train is simply a type of policy or custom. See Burge v. Parish of St. Tammany, 187 F.3d 452, 471 (5th Cir. 1999). To state a claim under either theory, plaintiff must identify a policymaker, an official policy, and a violation of constitutional rights whose moving force is the policy or custom. Piotrowski, 237 F.3d at 578.

With regard to her failure to train claim, plaintiff does not identify any policymaker other than to simply say "city policymakers." Doc. 34 at 21-23 (quoting her amended complaint). Nor does she plead any facts to show deliberate indifference. Id. Failure to train must amount to deliberate indifference by a policymaker to the constitutional rights of its citizens. City of Canton, 489 U.S. at 388-91. As the Supreme Court has noted, culpability of a municipality is at its most tenuous where a claim turns on failure to train. Connick, 563 U.S. at 61. A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train. Id. at 62.

> Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.

Id.

12

Plaintiff argues that this is the type of case that where the result of the failure to train is "so obvious" that deliberate indifference can be inferred. The court is not persuaded. If, as plaintiff contends, she was raped by her co-workers, that was not the result of an intentional choice of City not to provide proper training, especially where plaintiff does not allege that City was ever informed that lack of training was causing its male firefighters to engage in criminal conduct.

As for the alleged policy of discriminating against women (to the extent it can be separated from the failure to train theory), plaintiff names alleged policymakers—City Counsel[8], City Manager David Cooke, and Fire Chief Rudy Jackson—but she does not allege any facts to show how or why these persons were aware that sexual harassment and assault of female firefighters was taking place. Doc. 34 at 27. She has only the conclusory allegation that they knew, despite having pleaded that she never reported her treatment to any supervisor after 2014.[9] She has not alleged that she or anyone else reported what happened to her to the City counsel (or council), manager, or fire chief. Nor is there any allegation that City's policymakers were aware of incidents of sexual harassment or assault involving other

---

[8] It is not clear whether plaintiff intended to say "City Council" or is referring to the City Attorney. Doc. 16, ¶ 177.
[9] And, Stevens is not alleged to be a policymaker.

persons.

C.    Leave to Amend

At the conclusion of each response to the motions to dismiss, plaintiff includes a one-sentence request that, if the court is inclined to believe her pleading is deficient, it permit her an opportunity to amend to cure any defects. Doc. 34 at 29; Doc. 29 at 24; Doc. 31 at 24. Plaintiff has not filed a motion for leave to amend, see Local Civil Rule LR 5.1(c), or provided a copy of any proposed amended complaint. Local Civil Rule LR 15.1. In fact, plaintiff has already amended her complaint in response to motions to dismiss. Doc. 12; Doc. 14. She is not entitled to a further bite at the apple. The court will require her to amend to identify herself and to state her remaining claims more succinctly.

VI.

Order

The court ORDERS that the motions of Gutierrez, Stevens, Burch, Jandruko, and City be, and are hereby, granted, and that plaintiff's claims against said defendants be, and are hereby, dismissed.

The court ORDERS that the motion of Lindop to dismiss be, and is hereby, granted in part, and plaintiff's claims against Lindop except as to the December 2017 incident be, and are hereby, dismissed.

14

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of the claims against Gutierrez, Stevens, Burch, Jandruko, and City, and the dismissal of the claims against Lindop except as to the December 2017 incident.

The court ORDERS that by March 20, 2020, plaintiff file an amended complaint in which she identifies herself and sets forth her remaining claims in this action.

SIGNED March 10, 2020.

JOHN McBRYDE
United States District Judge