IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| FEMALE FIREFIGHTER JANE DOE § | | |
| *Plaintiff,* § | | |
| § | | |
| V. § | CIVIL ACTION NO. 4:19-cv-01001-A | |
| § | | |
| FORT WORTH, TEXAS, et al. § | | |
| *Defendants.* § | | |

**DEFENDANT BOB LOMERSON'S MOTION DISMISS
FOR FAILURE TO STATE A CLAIM, ALTERNATIVELY,
FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT THEREOF**

Respectfully Submitted,

Joanna H. Martin
State Bar No. 24072153
Kennedy Attorneys & Counselors at Law
12222 Merit Drive, Suite 1750
Dallas, Texas 75251
(214) 445-0740 – Tel
(972) 661-9320 – Fax
joanna@markkennedylaw.com

David R. Scoggins
State Bar. No. 17885300
6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
Tel: (214) 336-0605
Fax: (214) 736-3855
david@scogginslaw.com

**ATTORNEYS FOR DEFENDANT
BOB LOMERSON**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................iii

I.  SUMMARY.................................................................................................1

II. BACKGROUND..........................................................................................2

III. ARGUMENT AND AUTHORITIES..........................................................3

    A.  Claims Against Defendant Lomerson are
        Time-Barred and Must Be Dismissed....................................................3

    B.  The Supervisory Liability Claim Against
        Defendant Lomerson Must Be Dismissed.............................................4

    C.  Defendant Lomerson is Entitled to Qualified Immunity from Suit...................7

IV. CONCLUSION & PRAYER.......................................................................7

CERTIFICATE OF SERVICE...........................................................................9

# TABLE OF AUTHORITIES

Cases

*Jones v. Alcoa, Inc.*,
339 F.3d 359 (5th Cir. 2003)..................................................................................3

*Ashcroft v. Igbal*,
556 U.S. 662 (2009).............................................................................................3, 6

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*,
313 F.3d 305 (5th Cir. 2002)..................................................................................3

*Wilson v. Garcia*,
471 U.S. 261 (1985)...............................................................................................3

*Migra v. Warren City Sch. Dist. Bd. of Educ.*,
465 U.S. 75 (1984).................................................................................................4

*Harrington v. Harris*,
118 F.3d 359 (5th Cir. 1997)..................................................................................4

*City of Canton v. Harris*,
489 U.S. 378 (1989)...............................................................................................5

*Coleman v. Houston Indep. Sch. Dist.*,
113 F.3d 528 (5th Cir. 1997)..................................................................................5

*Shelton v. Chief of Police Schockley*,
No. 4:01-CV-0409-A, 2001 WL 1057629 (N.D. Tex. Sep. 5, 2001)..................5, 6

*Davidson v. City of Stafford, Texas*,
848 F.3d 384 (5th Cir. 2017) as revised (Mar. 31, 2017)........................................5

*Cozzo v. Tangipahoa Parish Council–Pres. Gov't*,
279 F.3d 273 (5th Cir. 2002)..................................................................................5

*R2 Invs. LDC v. Phillips*,
401 F.3d 638 (5th Cir. 2005)..................................................................................7

*Peña v. City of Rio Grande City*,
879 F.3d 613 (5th Cir. 2018)..................................................................................7

*Malley v. Briggs*,
475 U.S. 335 (1986)...............................................................................................7

Statutes & Rules

42 U.S.C §1983……………………………………………………………………………...passim

Tex. C. Prac. & Rem. C. §16.003……………………………………………………...…………….3

TO THE HONORABLE SENIOR JUDGE JOHN H. MCBRYDE:

On March 10, 2020, the Honorable Court dismissed Plaintiff Jane Doe's claims with prejudice against certain Defendants, including Defendant Kelly Gutierrez, Ken Stevens, Fred Jandruko, Bryan Burch, and the City of Fort Worth. All but one claim alleging a December 2017 incident filed against Defendant Dustin Lindop were dismissed with prejudice. Doc. 39; 40. Despite Plaintiff's amended pleadings and Fed. R. Civ. P. 12(b) responsive filings, the Court found Plaintiff essentially failed to state a claim upon which relief could be granted.

Pursuant to Fed. R. Civ. P. 12(b), alternatively 12(c), Defendant Robert "Bob" Lomerson files his motion for dismissal because Plaintiff Jane Doe fails to state a claim against him upon which relief could be granted. Her direct claims against Defendant Lomerson are indisputably untimely and time-barred as a matter of law. Furthermore, there is no basis upon which to impose supervisory liability on Defendant Lomerson, and he is otherwise entitled to qualified immunity. Defendant Lomerson asks this Honorable Court to dismiss Plaintiff's claims against him with prejudice, alternatively, to issue judgment in his favor on Plaintiff's defective pleadings.

## I.     SUMMARY

Plaintiff filed her First Amended Complaint on January 17, 2020. Doc. 16. As in her original pleading, Plaintiff sued Defendant Lomerson for alleged sexual harassment (Count Four) and failure to supervise others under the Equal Protection Clause and 42 U.S.C. §1983 (Count Nine). *Id.* ¶¶ 200; 310. Plaintiff's First Amended Complaint largely responded to the various Defendants' assertions, including those made affirmatively in Defendant Lomerson's Answer (Doc. 37), that her lawsuit was untimely filed and the allegations are time-barred.

The allegations of sexual harassment against Defendant Lomerson date back to 2014 and 2015. Doc. No. 16 ¶¶ 68-77. Plaintiff specifically alleges that in September 2015, Defendant

Lomerson sexually assaulted her in the backyard while visiting her at home. *Id.* at ¶¶ 78-83. Plaintiff specifies that Defendant Lomerson's advances subsided after September 2015 and that, in fact, her work situation thereafter improved. *Id.* at ¶¶ 83, 86. The conduct as alleged by Plaintiff and underlying her Equal Protection and §1983 claims occurred nearly five years prior to Plaintiff's case being filed. Further, no surviving allegation by Plaintiff against Defendant Lindop creates a basis to hold Defendant Lomerson liable in any capacity. It is absurd for Plaintiff to allege Defendant Lomerson failed to train, correct, and even "empowered" Defendant Lindop to touch himself in front of Plaintiff when she fails to plead any plausible facts to support her conclusory allegations. *Id.* at ¶ 319. Plaintiff's Complaint, as amended, only supports Defendant Lomerson's dismissal from this lawsuit.

## II.   BACKGROUND

Plaintiff Jane Doe was employed by the City of Fort Worth fire department with the rank of engineer. Doc. 16 ¶¶ 26-28. At all relevant times, Defendant Robert "Bob" Lomerson was a Captain who served within the Fort Worth fire department. *Id.* at ¶ 69. Defendant, Dustin Lindop, was a lieutenant with the fire department. *Id.* at 16 ¶ 110. All other Defendants were dismissed with prejudice from this suit on March 10, 2020. Doc. 39; 40.

Plaintiff brings one count of sexual harassment under the Equal Protection Clause and 42 U.S.C. §1983 against Defendant Lomerson and one count of supervisory liability. *Id.* 16 ¶¶ 200; 310. The facts Plaintiff alleges against Defendant Lomerson are that sometime between 2013 and 2015, he subjected her to sexual inuendo, unwanted sexual advances; finally, that Defendant Lomerson had nonconsensual sex with her in the backyard of her home in September 2015. *Id.* at ¶¶ 71-81. All alleged acts involving Defendant Lomerson occurred more than two years before Plaintiff filed her lawsuit. To the extent the allegations remain justiciable, Plaintiff also alleges

that about two years later, or in 2017, Defendant Lomerson failed to supervise or "empowered" Defendant Lindop to masturbate by or near Plaintiff against her will. *Id.* at ¶ 318. These allegations are and will continue to be vehemently denied by Defendant Lomerson.

### III.   ARGUMENT & AUTHORITIES

Defendant Lomerson seeks dismissal of all allegations against him pursuant to Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), Plaintiff's claims should be dismissed unless she pleads facts which, if true, would state a cause of action. A statute of limitations may support dismissal under Rule 12(b)(6) where it is "evident from plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Furthermore, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Alternatively, judgment on the pleadings and in favor of Defendant Lomerson is appropriate. The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). Plaintiff's allegations as to Defendant Lomerson fail as a matter of law, even if taken as true and so he, as with the other Defendants, should be dismissed from this lawsuit. Fed. R. Civ. P. 12(c).

A.   <u>Claims Against Defendant Lomerson are Time-Barred and Must Be Dismissed</u>.

As relevant to this lawsuit for damages, actions brought under §1983 are governed by the analogous state limitations period for personal injury cases. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Texas, that statute of limitations is two years from the date the action accrues. Tex. C. Prac. & Rem. C. §16.003. Plaintiff's Original Complaint in this case was filed on November 27, 2019. Doc. 1. The allegedly sexual harassment and/or sexual assault alleged by Plaintiff against

Defendant Lomerson occurred between May 2014 and September 2015. Doc. 16 ¶¶ 71-81. Indeed, Plaintiff alleges Defendant Lomerson's "relentless pursuit" subsided in 2015, after the alleged encounter in the backyard. *Id.* at ¶ 86. On the face of Plaintiff's pleadings, as amended, her direct complaints against Defendant Lomerson end in 2015. *Id.* All allegations made against Defendant Lomerson for sexual harassment and/or assault are time-barred not days or months, but by years.[1]

Plaintiff also claims Defendant Lomerson is liable to her on a theory of supervisory liability based on her claim that another colleague, Brian Burch, slapped her buttocks and Defendant Lindop touched himself in front of or near Plaintiff prior to December 2017. Those claims for alleged conduct occurring before or on November 20, 2017 were found time-barred by the Court and dismissed with prejudice on March 10, 2020. Doc. 39 at 6-7. Otherwise, Plaintiff conceded to the dismissal with prejudice of those claims. Doc. 39 at 7. It follows that all claims against Defendant Lomerson arising out of those time-barred actions must now be dismissed.

B. The Supervisory Liability Claim Against Defendant Lomerson Must Be Dismissed.

Plaintiff alleges that Defendant Lomerson is liable under 42 U.S.C §1983 for failing to supervise Defendant Lindop and allowing a hostile workplace to exist. *Id.* at ¶ 248. Section 1983 does not create substantive rights, rather, it creates a private right of action for persons who have had their federal civil rights violated by someone acting under color of state law. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82, (1984); *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citations and internal marks omitted).

---

[1] Indeed, Plaintiff alleged similar claims against another colleague, Kelley Gutierrez, that began well after the alleged wrongful conduct by Defendant Lomerson subsided. The claims against Mr. Gutierrez were dismissed as time-barred on March 10, 2020. Doc. 39; 40.

It is also well-settled that vicarious liability and respondeat superior theory is insufficient to hold supervisory officials liable in claims brought against them under §1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Rather, "the misconduct of a subordinate must be affirmatively linked to the action or inaction of the supervisor." *Shelton v. Chief of Police Schockley*, No. 4:01-CV-0409-A, 2001 WL 1057629, at *2.

As held by the Court, the conduct of Brian Burch is time-barred, as are all by one claim by against Defendant Lindop. Doc. 39 at 7. In order to meet her high burden to hold Defendant Lomerson liable for the action of Defendant Lindop exposing and/or touching himself by or near Plaintiff and against her will in December 2017, Plaintiff must plead facts that demonstrate all of the following: (1) the supervisor either failed to supervise or train the subordinate officer; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 397 (5th Cir. 2017) as revised (Mar. 31, 2017). Generally, proof of a single instance, rather than a pattern of similar violations will not sustain a lack of supervision claim. *Cozzo v. Tangipahoa Parish Council–Pres. Gov't*, 279 F.3d 273, 286–87 (5th Cir. 2002).

Plaintiff clearly attempts to do nothing more than hold Defendant Lomerson vicariously liable for the acts of Defendant Lindop. She has made no allegations against Defendant Lomerson whatsoever that could satisfy her burden under 42 U.S.C §1983. She alleges that in December 2017, Defendant Lindop removed his pants and masturbated in front of her and against her will. Doc. 16 ¶ 119. Plaintiff does not plead any facts to show that Defendant Lomerson in any way failed to supervise or train Defendant Lindop prior to the incident in question. Nor does Plaintiff

assert she told anyone, including Defendant Lomerson, that Defendant Lindop did such things at any time prior to the alleged conduct, at the time, or thereafter.

Even if Defendant Lomerson was Defendant Lindop's supervisor, Plaintiff makes no allegations that Defendant Lomerson would have or should have known that Defendant Lindop touched himself in front of or near Plaintiff. Likewise, Defendant Lomerson could not have possibly corrected or prevented the December 2017 incident as Plaintiff alleges. Neither a supervisory official nor a governmental entity can be held liable for failing to adopt policies to prevent constitutional violations. *Shelton*, 2001 WL 1057629, at *2. Plaintiff concedes she never reported any alleged harassment by Defendant Lindop (Doc. 16 ¶ 84), and she never alleges she told anyone, much less complained, about his actions. Plaintiff alleges only vague, conclusory facts regarding Defendant Lomerson's liability as Defendant Lindop's supervisor.

There are also no facts alleged to support a claim that Defendant Lomerson was deliberately indifferent to Plaintiff's right to be free from sexual harassment and a hostile workplace. In fact, there is no factual allegation that any other employee within the Fire Department had filed a sexual harassment or sexual assault claim; no factual allegation to support an assertion that sexual harassment or assaults were a recurring or widespread problem within the Fire Department; and no factual allegation to support an assertion that Defendant Lomerson knew or should have known that a hostile work environment existed at the Fire Department.

Clearly, Plaintiff has not plead any "factual content that allows the court to draw the reasonable inference that [Defendant Lomerson] is liable for the misconduct alleged." *Iqbal*, 556 at 678. The Court should not have to strain to find inferences favorable to the Plaintiff or accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*,

401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). As shown above, all claims against Defendant Lomerson should be dismissed.

    C.    <u>Defendant Lomerson is Entitled to Qualified Immunity from Suit.</u>

Should the Court determine that Plaintiff's First Amended Complaint passes the plausible-pleading test, dismissal is still warranted because Defendant Lomerson is entitled to qualified immunity. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 618 (5th Cir. 2018).

Defendant Lomerson asserts his entitlement to qualified immunity from Plaintiff's claims. As a Captain within the Fire Department, Defendant Lomerson was a government official whose position involved the exercise of discretion. *Id.* at 69. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Plaintiff does not show and cannot show that Defendant Lomerson's conduct in response to unknown acts allegedly performed by Defendant Lindop violated clearly established law. Therefore, Defendant Lomerson is immune from suit.

## IV.   CONCLUSION AND PRAYER

As set forth above, Plaintiff has failed to state a claim upon which relief can be granted; alternatively, Defendant Lomerson is entitled to judgment on the pleadings. He respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice and award Defendant Lomerson all further and additional relief to which he is entitled.

    Respectfully Submitted,

    Joanna H. Martin
    State Bar No. 24072153
    Kennedy Attorneys & Counselors at Law
    12222 Merit Drive, Suite 1750

Dallas, Texas 75251  
(214) 445-0740 – Tel.  
(972) 661-9320 – Fax  
joanna@markkennedylaw.com

David R. Scoggins  
State Bar. No. 17885300  
6060 N. Central Expressway, Suite 500  
Dallas, Texas 75206  
Tel: (214) 336-0605  
Fax: (214) 736-3855  
david@scogginslaw.com

**ATTORNEYS FOR DEFENDANT  
BOB LOMERSON**

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2020, I filed the aforementioned document using the Court's electronic filing system, PACER, and provided notice to call counsel of record, including the individuals identified below, in accordance with the Federal Rules of Civil Procedure.

Scott H. Palmer
Texas Bar No. 00797196
James P. Roberts
Texas Bar No. 24105721
Niles Illich
Texas Bar No. 24069969
Grant Gerleman
Texas Bar No. 24083065
Scott H. Palmer, P.C.
15455 Dallas Parkway, Suite 540, LB 32
Dallas, Texas 75001
Tel: (214) 987-4100
Fax: (214) 922-9900
scott@scottpalmerlaw.com
james@scottpalmerlaw.com
niles@scottpalmerlaw.com
grant@scottpalmerlaw.com

Gregory J. Bevel
Texas Bar No. 02275800
Wesley H.M. Gould
Texas Bar No. 24095214
Rochelle Mccullough, LLP
325 N. St. Paul Street, Suite 4500
Dallas, Texas 75201
Tel: (214) 953-0182
Fax: (214)953-0185
wgould@romclaw.com
greg.bevel@romclaw.com

Joanna H. Martin
State Bar No. 24072153

# Kennedy
**Attorneys & Counselors at Law**

*Via Federal Express*



RECEIVED
MAR 2 4 2020
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Karen Mitchell, Clerk of Court
United States District Court
Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 310
Fort Worth, TX 76102-3673

      RE:    *Female Firefighter Jane Doe Fort Worth, Texas, et al.*, Civil Action No. 4:19-cv-01001-A

Dear Ms. Mitchell,

    We are counsel for Defendant Robert "Bob" Lomerson in the above-styled cause. Enclosed please find **Defendant Lomerson's Motion to Dismiss.**

    Please file the enclosed document containing original signature along with a courtesy copy.

    I may be reached directly at (214) 445-0740 ext. 204.

Sincerely,

Joanna H. Martin

Encl.
Cc:    client
        Counsel for Plaintiff; Counsel for Co-Defendants

12222 Merit Drive, Suite 1750 • Dallas, Texas 75251 • ph. 214.445.0740 • fx. 972.661.9320
markkennedylaw.com